UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

PHILLIP GAZZOLA, BOP # 44399-074, )
)
    Petitioner, )
)
v. ) No.: 4:13-cv-74; 4:11-cr-39
) *Mattice/Lee*
UNITED STATES OF AMERICA, )
)
    Respondent. )

## MEMORANDUM OPINION

Acting *pro se*, federal inmate Phillip Gazzola brings this motion and amended motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, (Doc. 59).[1] On October 29, 2011, following Gazzola's guilty plea to two counts of being a felon in possession of a firearm and one count of being a felon in possession of ammunition—all violations of 18 U.S.C. § 922(g)(1), he was sentenced to 200 months imprisonment on each count, to be served concurrently, and to five years of supervised release, (Docs. 49-50). Gazzola was unsuccessful on direct appeal, (Docs. 56-57), and now advances in his § 2255 motion and amended motion several claims of ineffective assistance of counsel and a claim that his sentence was improperly enhanced under the Armed Career Criminal Act ["ACCA"], 18 U.S.C. § 924(e).

The United States has filed a response, arguing that all claims, save the last one, are groundless. As to that claim, respondent concedes that one of Gazzola's prior convictions does not qualify as an ACCA predicate offense. After reviewing the parties'

---

[1] Unless otherwise noted, all citations to the record refer to Gazzola's criminal file.

filings, the relevant law, and the record, the Court agrees with respondent and will grant Gazzola's § 2255 motion with respect to his ACCA-enhancement claim.

## I. Standard of Review

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction or sentence on the ground that it was imposed in violation of the United States Constitution. This Court must vacate and set aside the conviction or sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C.§ 2255(b).

To obtain relief under § 2255 based on an alleged constitutional error, the burden is on a movant to establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Hill v. United States*, 368 U.S. 424, 428 (1962)*; Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). To warrant relief for a nonconstitutional error under § 2255, a movant is required to show a fundamental defect in the criminal proceedings which inherently results in a complete miscarriage of justice or an egregious error that rises to the level of a violation of constitutional due process. *Reed v. Farley,* 512 U.S. 339, 354 (1994); *Davis v. United States*, 417 U.S. 333, 346 (1974); *Griffin*, 330 F.3d at 736.

## II. Facts

The facts which follow were recited in the Sixth Circuit's opinion in Gazzola's direct appeal. *United States v. Gazzolla*, 530 Fed. Appx. 507, 508-09 (6th Cir. July 22, 2013).

On July 22, 2011, law enforcement officers from the Cowan Police Department and Franklin County Sheriff's Department executed a search warrant at the defendant's residence. The search warrant was based on 2 controlled buys of morphine from the defendant in the preceding 72 hours. When officers knocked on the door and announced their presence, the defendant ran through the living room to the basement. Officers made entry and pursued the defendant downstairs, where they were finally able to subdue him after a brief struggle. They then searched the house and found small amounts of various pills and several grams of marijuana, along with $3,500 cash. Additionally, they recovered 2 firearms: a 12 gauge shotgun with 15 shells and a .17 caliber rifle with approximately 100 hollow point rounds of ammunition and other assorted ammunition.

> A trace of the firearms by ATF shows that both guns traced back to the same person, who was interviewed and identified the defendant as being the person that purchased the firearms.

Prior to the date the defendant was in possession of the firearms, he had been convicted of a felony offense. All firearms and ammunition were manufactured outside the state of Tennessee or otherwise affected interstate or foreign commerce.

Gazzola pleaded guilty to three counts of possessing firearms and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). This was not his first brush with the law.

Among other crimes, Gazzola had previously been charged in the State of Washington of rape in 1977, second-degree assault in 2004, and third-degree assault in 2009. He was convicted of these crimes in 1978, 2005 and 2010 respectively. Each of these convictions was based on sexual assault or rape.

At sentencing, over Gazzola's objection, the district court adopted the recommendation of the PSR and concluded that the Washington offenses qualified as violent felonies under the ACCA. The court accordingly sentenced Gazzola as an armed career criminal, increasing his base offense level and subjecting him to a mandatory minimum sentence of fifteen years of imprisonment. See 18 U.S.C. § 924(e). Gazzola argued that his age and

3

> medical condition, including a history of strokes, justified a downward variance in the interest of justice. The district court rejected this argument and sentenced Gazzola to 200 months incarceration, determining that "a sentence about a year longer than the bottom of [Gazzola's] guidelines range [was] appropriate in this case." In addition, Gazzola received 5 years of supervised release with sex-offender conditions.

*Gazzolla*, 530 Fed. Appx. at 508-09.

## III. Discussion

In his § 2255 motion, Gazzola alleges that: 1) he had ineffective assistance of counsel in the entry of his guilty plea, at sentencing, and on direct appeal and 2) that the court lacked jurisdiction to impose the ACCA sentencing enhancement because he did not have the requisite number of predicate convictions to warrant the enhancement.

### A. Ineffective Assistance

### 1. Relevant Law

The United States Supreme Court has established a two-part test for determining when assistance of counsel is ineffective. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, the petitioner must show that his counsel's errors were so egregious as to render counsel's performance constitutionally deficient – that is, outside the "wide range of professional assistance." *Id.* at 687; *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996). The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A petitioner asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." " *Id*. at 690. The alleged errors or omissions must be evaluated from counsel's perspective at the time the conduct occurred, under the circumstances of the particular case, "and the standard of

4

review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Strickland* at 689 (instructing that counsel's conduct is strongly presumed to fall within the wide range of reasonable professional assistance).

In addition to a deficient performance, a petitioner must also show that actual prejudice ensued as a result of counsel's errors. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. A petitioner will satisfy the prejudice prong of the *Strickland* test if he shows that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.[2] In order to establish "prejudice" within the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's professional errors, he would not have pled guilty but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

An insufficient showing on either component dooms the claim; thus a claim may be rejected for failure to show prejudice, without considering any deficient performance. *Strickland*, 466 U.S. at 687. Failure to object to an enhancement at sentencing may constitute ineffective assistance. *United States v. Otero*, 502 F.3d 331, 336-337 (3rd Cir. 2007); *United States v. Franks*, 230 F.3d 811, 814-15 (5th Cir. 2000). As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the movant. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

---

[2] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## 2. Analysis

Petitioner's alleged attorney errors are examined separately.

### a) *Counsel incorrectly advised Gazzola about the ACCA enhancement, which resulted in an unknowing, involuntary, and unintelligently entered guilty plea.*

In this claim, Gazzola alleges that counsel promised him that he would not be deemed to be an armed career criminal at sentencing and that his recommended guideline range was 30 to 37 months. A "secondary" reason why the plea is invalid, according to Gazzola, is that it was entered while he was not receiving medical care during his pretrial detention at the Silverdale Correctional Facility. These things account, so alleges Gazzola, for his decision to enter a guilty plea, without the benefit of a written plea agreement. Counsel's advice was proven wrong and his promise hollow because Gazzola was determined to be an armed career criminal and sentenced accordingly. Had Gazzola known that there was even the remote possibility that he would be deemed to be an armed career criminal, he would have either required a binding plea agreement offering him a less than five year sentence or he would have taken "his chances at trial," (Doc. 59, § 2255 Mot. at 24).

In its response, the United States correctly points out that any direct challenge to the validity of the plea agreement has been procedurally defaulted by virtue of Gazzola's failure to raise that issue in his direct appeal. *See Bousley v. United States,* 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"). The law is settled that a claim not presented on appeal when it could have been presented may not be reviewed in a § 2255 motion, absent a showing of cause and actual prejudice to excuse

a failure to raise the claim previously. *Id*. at 619; *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

Cause for a procedural default may be shown where counsel rendered ineffective assistance in violation of the prisoner's right under the Sixth Amendment, or where the legal or factual basis of a claim is not reasonably available at the time of the procedural default. *Murray v. Carrier*, 477 U.S. 478, 488, 492 (1986). A petitioner demonstrates prejudice by establishing that the constitutional error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Courts are entitled to presume, once a direct appeal has been decided, that a defendant "stands fairly and finally convicted," and thus, absent a showing of "cause and actual prejudice," raising a claim pursuant to § 2255 will not substitute for raising the claim on direct appeal. *Id.* at 164-65; *accord Elzy* 205 F.3d at 884.

Because Gazzola did not challenge the validity of his guilty plea on direct appeal and because he has offered no showing of either cause and prejudice or actual innocence, review of these claims is now foreclosed by his procedural default. *Bousley,* 523 U.S. at 619; *Elzy*, 205 F.3d at 884.

As to counsel's alleged incorrect advice and promise concerning sentencing under the ACCA, the transcript of the statements Gazzola made under oath at his guilty plea hearing, which was held before U.S. Magistrate Judge Susan K. Lee, refute the claims he now advances, (Doc. 55, Plea Entry Hr'g Tr. of Dec. 21, 2012).

During that hearing, Gazzola was advised that, if sentenced under the ACCA, his sentence would be a mandatory minimum term of imprisonment of fifteen years and a

maximum life term, and that his sentence would be determined by the district judge, *(Id.* at 15-16). Gazzola was informed that the court could lawfully impose a sentence up to and including the maximum sentence and that the sentence ultimately imposed may be different from any estimate that counsel might have given, (*Id*. at 16-17). Gazzola indicated that he understood these things.

The judicial officer specifically told Gazzola that depending on his prior convictions, he could be facing a mandatory minimum sentence of 15 years, (*Id.* at 18). Gazzola responded that he understood that, but also that he had been advised that he did not fit "the criteria" [for the ACCA enhancement?]. The magistrate judge quickly eliminated any reliance Gazzola might have had on counsel's advice concerning whether he would qualify for ACCA sentencing by telling him that "[i]t will be up to the Court to determine whether of not you fit the criteria. Like I told you, . . .[counsel] can give you good advice and he can give you his best estimate, but that's a determination made by the Court. And so I need to make sure that you're aware of the possibility," (*Id*. at 18). Gazzola indicated that he was so aware, (*Id*.).

The magistrate judge emphasized to Gazzola that the sentence imposed by the Court might be different from any estimate that counsel may have given and that the sentence could not be determined until the presentence investigation report ["PSR"] had been completed, (*Id*. at 17). Again, Gazzola indicated that he understood what had been explained to him, (*Id*.) The magistrate judge twice asked Gazzola if he had any questions or anything further he would like to have addressed, and he responded that he did not, (*Id*. at 21, 23). None of counsel's promises now cited by Gazzola were mentioned.

8

Rule 11 of the Federal Rules of Criminal Procedure requires a court taking a guilty plea to ask the defendant certain questions which creates a record that can be relied upon to insulate the guilty plea in any future appeals and collateral attacks. *Key v. United States,* 806 F.2d 133, 136 (7th Cir. 1986). "Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to the court's inquiry." *United States v. Todaro,* 982 F.2d 1025, 1030 (6th Cir.), *cert. denied,* 508 U.S. 943 (1993), *Baker v. United States,* 781 F.2d 85, 90 (6th Cir.), *cert. denied,* 479 U.S. 1017 (1986) (*quoting Moore v. Estelle,* 526 F.2d 690, 696-97 (5th Cir.), *cert. denied,* 426 U.S. 953 (1976)). The magistrate judge scrupulously followed the Rule 11 procedure and Gazzola is bound by his sworn statements he made in response to the Court's inquiry under Rule 11. *Warner v. United States,* 975 F.2d 1027, 1212 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).

Those statements reflect that Gazzola understood that he could be sentenced as an armed career criminal, with a minimum mandatory fifteen-year sentence, and that whether the ACCA enhancement applied was a decision to be made by the district court. Therefore, Gazzola was not prejudiced by the alleged incorrect advice because the magistrate judge's correct advice at the plea entry hearing, regarding an ACCA enhancement, neutralized any incorrect information counsel had given.

The Court finds that counsel did not give Gazzola ineffective assistance in this instance and that Gazzola's guilty plea is not rendered invalid due to ineffective assistance.

**b*) At sentencing and on appeal, counsel failed to raise certain arguments to attack the ACCA enhancement.*

In his next ineffective assistance claim, Gazzola maintains that, in challenging his ACCA designation, counsel failed to argue properly: 1) that his 2009 Washington

9

conviction for attempted assault did not qualify as an ACCA predicate offense because it was not punishable by more than 1 year; 2) that the categorical approach, which should have been employed, showed that this conviction did not qualify because this offense required only proof of negligence; 3) that the 1978 Washington conviction for second-degree rape did not qualify because his civil rights had been restored; and 4) that the 2005 Washington convictions for second-degree assault and being a felon in possession of a firearm did not qualify either as an ACCA predicate offense or as countable criminal history points. [The last two instances of ineffective assistance are alleged in Gazzola's amended petition, (Doc. 61 at 1-7)].

### i. Issues One and Three

As pointed out in the United States's response, counsel on direct appeal raised issues one and three in connection with Gazzola's attack on the ACCA enhancement.[3] *Gazzola*, 530 Fed. Appx. at 509-10. Thus the record contradicts Gazzola's contention that counsel failed to raise these issues on direct appeal.

Furthermore, the Sixth Circuit found the issues to be meritless. *Id.* at 510. Counsel has no duty to assert a legally baseless claim, *United States v. Martin*, 45 Fed. Appx. 378, 381 (6th Cir. 2002); *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986), and no prejudice accrues therefrom. *Greer v. Mitchell*, 264 F.3d 663, 676 (2001). The fourth issue, though counsel did not present it on appeal, is likewise meritless.

---

[3] Gazzolla was charged in the State of Washington, in 1977, with rape and convicted of that offense in 1978. *Gazzola*, 530 Fed. Appx. at 508-10. According to his counsel's argument at his federal sentencing hearing, Gazzola pled guilty to the offense, but never was sentenced, (Doc. 54, Sent. Hr'g Tr. at 7-8). Five years later, he was allowed to withdraw his guilty plea and the charge was dismissed, (*Id.*).

### ii. Issue Four

Gazzola contends, in issue four, that his 2005 Washington conviction for second-degree assault, which was combined for state sentencing purposes with a possession of a firearm offense, did not qualify as an ACCA predicate offense.

The punishment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (the underlying federal offense for which Gazzola was convicted) is imprisonment for "not more than 10 years." 18 U.S.C. § 924(a)(2). Under the ACCA, however, there is a minimum mandatory term of imprisonment of fifteen (15) years for a person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for a violent felony or serious drug offense. *Id*. § 924(e)(1) and U.S.S.G. § 4B1.4. Because Gazzola stood convicted of three violent felonies, he was sentenced as an armed career criminal.

One of those violent felonies was the 2005 Washington second-degree assault conviction. Pursuant to the Washington criminal statute under which this conviction was rendered, an assault in the second-degree is a class B felony, at the minimum. Wash. Rev. Code § 9A.36.021(2)(a) (West 2003). A class B felony is punishable by a maximum term of ten years. Wash. Rev. Code § 9A.20.021(1)(b) (West 2003).

Gazzola, relying on *Blakely v. Washington*, 542 U.S. 296 (2004), argues that the crime was punishable by a sentence of less than one year, without allowing for any increase in the base level offense based on a finding of aggravating factors.[4] However,

---

[4] The United States understood this claim to be an allegation that Gazzola's actual sentence was nine months. Even if the respondent is incorrect in its understanding, it is correct in arguing that such an allegation lacks merit. *See* Application Note 1 to U.S.C.G. § 4B1.2; *United States v. Keith*, 638 F.3d 851, 853 (8th Cir. 2011) ("As the word 'punishable' makes clear, the focus of [the ACCA] definition is on the prison sentence that *may* be imposed under state law, 'regardless of the actual sentence imposed.'") (citations omitted); *United States v. Lockett*, 359 Fed. Appx. 598, 602-603, 2009 WL 5084096, *4 (6th Cir. Dec. 29, 2009) (same).

11

beyond his bare assertions in this regard, he has offered nothing to support that, under "Washington State mandatory sentencing scheme," (Doc. 61, § 2255 Amend. Mot. at 9), the offense of second-degree assault was punishable by less than one year's imprisonment, absent the application of aggravating factors. Thus, he has not borne his burden in this regard. *See McQueen v. United States*, 58 Fed. Appx. 73, 76 (6th Cir. 2003) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

According to Gazzola, his attorney failed to attack the 2005 second-degree assault conviction on the additional basis that his client had been denied the right to counsel—a right enunciated in *Gideon v. Wainwright*, 372 U.S. 335 (1963). However, the PSR refutes this claim also, as it shows that Gazzola "was represented by counsel" when he was convicted of second-degree assault. *See* PSR, ¶ 30. Thus, any challenges to Gazzola's second degree assault conviction had to occur in the state court or in a separate federal habeas corpus petition, after exhaustion of state remedies, not in the federal sentencing proceeding. *Custis v. United States*, 511 U.S. 485 (1994).

This conclusion remains true despite Gazzola's argument that he was denied the assistance of counsel on the appeal of his state court conviction. *See, e.g., United States v. Farley*, 23 Fed.Appx. 235, 237, 2001 WL 1299250, *1 (6th Cir. Aug. 9, 2001) (finding that the *Custis* rule prohibits attacks to a prior conviction during federal sentencing, unless a defendant was denied counsel "*when that prior conviction was obtained*.") (citing *Custis*, 411 U.S. at 493-96) (italics added). The significant period for purposes of the *Custis* rule is the time of the conviction. *Custis*, 511 U.S. at 496 (" *Gideon* ... established an unequivocal rule making it unconstitutional to try a person for a felony in a state court

12

unless he had a lawyer or had validly waived one.") (internal citation marks omitted). The above reasoning and case law shows that this argument lacks a factual or legal footing.

Gazzola's insistence that his attorney likewise should have challenged his 2005 Washington state court conviction for unlawful possession of a firearm lacks merit. As Gazzola acknowledges, the state court firearm conviction was not counted as a predicate offense for ACCA sentencing. And contrary to Gazzola's argument (as the Court understands it), this state court conviction played no part in the grouping of the federal felon-in-possession offenses. The grouping of the § 922(g) offenses, as set forth in the PSR, was correct and in accord with the requirement in U.S.C.G. § 3D1.2(d) that offenses under § 922(g) are to be grouped together. Since there was no reason to object to the grouping of Gazzola's *federal firearms* offenses based on some claimed irregularity in his *state court firearm* conviction, counsel did not render a prejudicial performance in this instance either.

For all these reasons, the Court concludes that issue four is groundless.

### iii. Issue Two

Another of three offenses found to qualify Gazzola for an ACCA-enhanced sentence was his 2009 Washington attempted third-degree assault conviction.

The judgment entered in connection with the attempted assault in the third degree shows the offense of conviction was a violation of Wash. Rev. Code § 9A.36.031(1)(f) and § 9A.28.020(1), (Doc. 59-2, Exhibit B to § 2255 Motion)). Sub-section 9A.36.031(1)(f) prohibits, "with criminal negligence, caus[ing] bodily harm accompanied by substantial pain that extends for a period sufficient to cause considerable suffering." Under sub-section 9A.28.020 (1), " [a] person is guilty of an attempt to commit a crime if, with intent to commit

13

a specific crime, he or she does any act which is a substantial step toward the commission of that crime." An attempt to commit a crime is a gross misdemeanor when the crime attempted is a class C felony, as is third-degree assault.

Gazzola maintains that, even though his attorney challenged this state court conviction as a predicate offense for an armed career criminal finding, counsel omitted an argument that would have prevented that finding from being made in the first place. Gazzola's layered premise for this ineffective assistance claim is that the *mens rea* involved in the 2009 conviction was criminal negligence, that negligence does not satisfy the definition of a violent felony, and that, since the attempted third-degree assault is not a violent felony, he lacks the required number of prior violent felony convictions to be found to be an armed career criminal.

This issue was presented to the Sixth Circuit. While acknowledging that the judgment was ambiguous, the Sixth Circuit nonetheless held that the 2009 assault conviction was properly classified as a felony under the ACCA. *Gazzola*, 530 Fed. Appx. at 510. The ambiguity in the judgment which concerned the Sixth Circuit recently has been made more transparent, as shown by the exhibits Gazzola has attached to his § 2255 motion.

By order entered after Gazzola's direct appeal of his federal judgment was denied, the Washington state court explained that, while assault in the third degree is a Class C felony, Gazzola's conviction was for a criminal attempt, and thus, that his crime of conviction is a gross misdemeanor, (Doc. 59-2, "Order on Defendant's Motion to Clarify/Amend Judgment," entered Aug. 6, 2013). In a subsequent order, the state court amended Gazzola's judgment to clarify that the maximum sentence for the offense for

14

which he was convicted (attempted assault in the third degree) is a term of one year, (Doc. 59-2, "Order Amending Judgment and Sentence," entered Aug. 23, 2013).

The United States has conceded that, in light of the Supreme Court's recent clarification of the proper ACCA analysis of prior convictions as set forth in *Descamps v. United States*, 133 S. Ct. 2276 (2013), Gazzola's 2009 attempted third-degree assault offense is not a violent felony under the ACCA and that, without that conviction, it cannot establish that he is an armed career criminal eligible for the enhanced penalties in 18 U.S.C. § 924(e).[5] Given this situation, the United States requests that the Court grant Gazzola's 2255 motion in part, vacate his sentence, and conduct a de novo re-sentencing at which he would not be deemed to be an armed career criminal. These requests are well-taken.

Here, the offense for which Gazzola was convicted was classified by Washington law as a gross misdemeanor and was punishable by a maximum term of one year. As the Sixth Circuit observed, in deciding Gazzola's direct appeal, "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less" is not a qualifying felony under the ACCA. *Gazzola*, 530 Fed. Appx. at 510.

Accordingly, the 2009 Washington conviction for attempted third-degree assault was not a violent felony conviction and, thus, did not support the armed career criminal determination. Clearly, without this conviction, Gazzola does not have the requisite

---

[5] Respondent indicates that its position in this case is not reflective of the position it may take in any other case in which a criminal defendant seeks relief under *Descamps*, *Sykes v. United States*, 131 S. Ct. 2267 (2011), or *Begay v. United States*, 553 U.S. 137 (2008), and that it specifically reserves and does not waive any rights or defenses as to any other present or future claims by Gazzola, (Doc. 64, at 11 n. 5).

15

number of prior violent felony convictions to warrant sentencing as an armed career criminal.

Finally, there remain the allegations that trial and appellate counsel were ineffective for failing to include the above arguments with the other arguments offered in challenging Gazzola's 2009 Washington state court conviction. The record discloses that these allegations are meritless.

First of all, counsel argued in his objections to the PSR and at sentencing that Gazzola's 2009 attempted third-degree assault conviction could not be used to find him a armed career criminal because it was not a felony, but instead a gross misdemeanor, and because it carried a sentence of only 365 days, (Doc. 46., Petr.'s Response to Mot. & to Objections to PSR at 7; Doc. 54, Sent. H'rg Tr. at 23-25). This Court rejected the argument, holding that, notwithstanding the state court's characterization of the conviction as a gross misdemeanor, the conviction could be used as a predicate offense for ACCA enhancement purposes and proceeded to impose a 200-month sentence, (*Id*. at 26, 43-44). 44, Sent. H'rg Tr. at 182). Even so, it remains that trial counsel argued the specific issues which Gazzola alleges that he did not argue.

Also, according to the record on appeal, counsel made those same arguments in his brief on appeal. *See United States v. Phillip Gazolla*, Docket No. 12-6366 (6th Cir. July 22, 2013) (Doc. 20, Petr.'s App. Br. at 19-21), available at https://ecf.ca6.uscourts.gov/ cmecf/servlet/TransportRoom?servlet =ShowDoc&dls_id+006011588859&ca- (last visited on May 13, 2014).

As to any other theories or arguments contained in § 2255 motion, which Gazzola maintains that counsel failed to offer as support for issue two, the Supreme Court has ruled that counsel has no duty to raise every nonfrivolous issue that a criminal defendant

16

requests. *See Jones v. Barnes*, 463 U.S. 745, 754 (1983); *see also Smith v. Murray*, 477 U.S. 527, 536 (1986) (observing that the "process of 'winnowing out weaker arguments on appeal and focusing on those most likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy") (quoting *Jones*, 463 U.S. at 751-52); *Engle v. Issac*, 456 U.S. 107, 134 (1982) (observing that "the Constitution guarantees criminal defendants a fair trial and a competent attorney [but] does not insure that defense counsel will recognize and raise every conceivable constitutional claim").

Furthermore, the only claims raised in this motion with respect to the 2009 state court conviction which this Court has found meritorious were those which counsel, in fact, presented at trial and on appeal. The Court has addressed and rejected on the merits the other challenges to the 2009 conviction. "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir.2004). As noted, the Court has found those claims to be groundless and "there can be no constitutional deficiency in appellate counsel's failure to raise meritless issues." *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999).

For these reasons, the Court finds no ineffective assistance on the part of trial or appellate counsel with respect to issue two.

## B.  Insufficient Number of Qualifying ACCA Predicates

In the last claim, Gazzola reiterates arguments made in the previous section, i.e., that his 2009 Washington conviction for attempted third degree assault was not a violent felony conviction under ACCA law. The Court has already found, for the reasons set forth

17

above, that this claim has merit and will grant Gazzola § 2255 relief in connection with his ACCA enhancement.

**C. Gazzola's Motion**

In a recently-filed motion, (Doc. 67), Gazzola requests that the Court schedule a re-sentencing hearing and appoint him counsel. Again, the Court has already decided that the 2009 state court conviction was not a qualifying predicate offense under the ACCA. According, the part of the motion asking for a re-sentencing hearing will be **GRANTED**. Likewise, the Court will **GRANT** the part of the motion seeking appointment of counsel. The matter will be referred to Magistrate Judge Lee to appoint counsel to represent Gazzola at his re-sentencing.

**IV. Conclusion**

By separate order and for the reasons set forth above, Gazzola's § 2255 motion will be **GRANTED**; his sentence with the armed career criminal enhancement will be **VACATED**; his motion to schedule a re-sentencing hearing and appoint him counsel will be **GRANTED**; a re-sentencing hearing will be scheduled; the matter will be referred to U.S. Magistrate Judge Susan Lee to appoint counsel; and the U.S. Probation Office will be **DIRECTED** to prepare a revised PSR.

**ENTER**:

                                                         /s/Harry S. Mattice, Jr.
                                                        HARRY S. MATTICE, JR.
                                                        UNITED STATES DISTRICT JUDGE